**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2582-18T2

LISA A. LACKEY-LAUBSCH,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
QUINTON BOARD OF
EDUCATION, FAIRLEIGH
DICKINSON UNIVERSITY,
and HOPEWELL TOWNSHIP
BOARD OF EDUCATION,

     Respondents.

_____

        Submitted February 5, 2020 – Decided February 20, 2020

        Before Judges Fuentes and Enright.

        On appeal from the Board of Review, Department of Labor, Docket No. 159,087.

        Lisa A. Lackey-Laubsch, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant

Attorney General, of counsel; Dipti Vaid Dedhia, Deputy Attorney General, on the brief).

Respondents Quinton Board of Education, Fairleigh Dickinson University, and Hopewell Township Board of Education have not filed briefs.

PER CURIAM

Appellant Lisa A. Lackey-Laubsch appeals from a final determination of the Board of Review (Board), finding her ineligible for unemployment compensation benefits for the period from June 24, 2018 through September 8, 2018. We affirm.

Appellant filed for benefits in July 2018. On August 8, 2018, a deputy from the New Jersey Department of Labor, Division of Unemployment (Division) determined appellant was ineligible for benefits for the period of June 24, 2018 through September 8, 2018. Appellant appealed the determination to the Appeal Tribunal. On October 31, 2018, the Appeal Tribunal held that appellant was ineligible for benefits, pursuant to N.J.S.A. 43:21-4(g)(1), because at the end of the school year in 2018, she had a reasonable assurance of reemployment with the Quinton Board of Education (Quinton) as an instructional aide. Appellant appealed this decision to the Board and on January 2, 2019, the Board affirmed the decision of the Appeal Tribunal. This appeal followed.

The record confirms that before appellant worked as an aide at Quinton, she worked in the same capacity at Hopewell Township Board of Education (Hopewell) from September 2016 through June 30, 2017. She was notified she could not return to Hopewell due to a reduction in funding.[1] From October 2017 through December 15, 2017, appellant worked as an adjunct instructor at Fairleigh Dickinson University (FDU). At the end of the 2017 fall term, FDU notified her she would not be invited to return to the university as an instructor, due to FDU's anti-nepotism policy.[2] To her credit, appellant secured a job at Quinton and worked there as an aide from January 2, 2018 through June 30, 2018, when the school year ended. It is undisputed that before the end of the school year, Quinton asked appellant to return to her position in September 2018. She accepted this offer. When appellant returned to her position as an aide at Quinton in September 2018, she received an increase in pay.

Appellant argues the Board erred when it disqualified her for benefits, pursuant to N.J.S.A. 43:21-4(g)(1). Nevertheless, she concedes she was

---

[1] Appellant filed a separate claim for unemployment benefits in July 2017. That claim is not in dispute in the instant appeal, although appellant asserts she is due one additional payment from her earlier claim.

[2] One of appellant's family members was employed at FDU as a full-time professor when appellant received notice of FDU's anti-nepotism policy.

employed by Quinton for the school year ending in June 2018 and had a "reasonable assurance" of such employment in the 2018-2019 school year.

Appellant contends the Board ignored the fact she now works in a non-professional capacity at Quinton, whereas she worked in a professional capacity job at FDU, and that the Board did not account for the fact she now receives a lower salary than she enjoyed when she was an adjunct instructor at FDU. However, as respondent highlights, appellant's separation from FDU in 2017 is not relevant to her claim for unemployment benefits for the summer of 2018. Had appellant filed for unemployment benefits for her period of unemployment immediately following her separation from FDU in 2017, her position at FDU would be relevant to that claim. Instead, as the Appeals Tribunal noted, the two successive terms at issue, as contemplated under N.J.S.A. 43:21-4(g)(1) are the spring and fall 2018 terms.

N.J.S.A. 43:21-4(g)(1) provides in pertinent part that, a person who performs instructional, research or principal administrative services for an educational institution:

> shall not be paid [unemployment compensation benefits] based on such services for any week of unemployment commencing during the period between two successive academic years . . . if there is a contract or reasonable assurance that such individual will perform services in any such capacity for any

4

educational institution in the second of such academic years or terms.

[Ibid.]

Moreover, N.J.A.C. 12:17-12.4(a) provides that an employee of an educational institution is not eligible for benefits for any week that begins during the period between academic years or terms if the employee has a "reasonable assurance" of returning to work "in such capacity" in the succeeding academic year. The regulation also states:

> The term "reasonable assurance" of returning to work means a written, oral, or other implied agreement that the employee shall perform services in any such capacity during the next academic year, term, or remainder of a term. "Any such capacity" means the same or similar capacity and refers to the type of services provided, that is, a professional capacity as provided by N.J.S.A. 43:21-4(g)(1) or nonprofessional capacity as provided by N.J.S.A. 43:21-4(g)(2).
>
> [N.J.A.C. 12:17-12.4(a)1.]

The scope of our review in an appeal from a final determination of an administrative agency is strictly limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing Public Serv. Elec. v. N.J. Dep't of Envtl. Protec., 101 N.J. 95, 103 (1985)). An agency's decision may not be set aside unless shown to be arbitrary, capricious or unreasonable. Ibid. (citing In re Warren, 117 N.J. 295, 296 (1989)). We can only intervene "in those rare circumstances in which an

agency action is clearly inconsistent with its statutory mission or with other State policy." Ibid. (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)).

As the Board's determination finding appellant ineligible to receive unemployment benefits was supported by substantial credible evidence, we discern no basis to disturb its decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2582-18T2